## GUELPH HOTEL CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1064.   Promulgated August 8, 1927.

Where pursuant to the terms of a lease it is canceled prior to the expiration of the term thereof and the lessee is paid an amount as a rebate, the unamortized cost of the lease less the amount received as a rebate should be spread over the unexpired term of the lease from the beginning of the taxable year to the date of cancellation and the portion of such amortized cost falling in the taxable year should be deducted from gross income.

*George H. Craven, Esq.*, for the petitioner.
*Henry Ravenel, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax for 1919 of $1,739.92. The petitioner also alleges error on the part of the respondent in making a determination of an overassessment for the year 1920; but since no deficiency has been found for any year except 1919 that is the only year properly before the Board for consideration. The question in issue is the proper method to be used in determining a deduction for the unamortized cost of a lease where the lease, pursuant to its terms, was canceled prior to the expiration of the term thereof and the lessee was paid a rebate in accordance with the terms of the lease.

### FINDINGS OF FACT.

On or about February 1, 1916, the petitioner acquired a five-year lease on a combination apartment house and hotel in New York City, for which it paid $15,967.90. The lease provided that it could be terminated after the expiration of 3 years from its date by the lessor upon his giving 90 days' notice to the lessee and by paying a rebate of $4,000. The lessor gave notice to the petitioner in November, 1919, to vacate the premises at the expiration of 90 days. The premises were vacated between February 1 and February 10, 1920, and the petitioner received the sum of $4,000 in 1920.

The unamortized cost of the lease on January 1, 1919, was $6.385.16.

In its income-tax return for 1919 petitioner stated that depreciation had been claimed in prior income-tax returns in respect of the lease in the amount of $8,158.80, and claimed the deduction from gross income of $7,804.10, the difference between the exhaustion previously taken and the cost of the lease. The respondent has redetermined the deficiency for 1919 in the following manner:

| | | |
|---|---:|---:|
| Amortization of leasehold claimed | | $7, 804. 10 |
| Amortized portion of lease | $6, 385. 16 | |
| Less amount received in cancellation | 4, 000. 00 | |
| Amount to be amortized over three months | 2, 385. 16 | |
| Two months amortization allowed for 1919 | | 1, 590. 10 |
| Amortization disallowed | | 6, 214. 00 |

### OPINION.

SMITH: The issue presented by this proceeding is the proper method to be used in determining the deduction for loss or for exhaustion in 1919 of the leasehold here in question. The petitioner deducted from gross income in its income-tax return for that year $7,804.10 for exhaustion of its leasehold. At the hearing it was stipulated by the parties to the proceeding that the unamortized cost of the leasehold on January 1, 1919, was $6,385.16 and not $7,804.10,

the amount claimed in the return. The petitioner contends that it is entitled to deduct from gross income of 1919 the entire unamortized cost of the lease as of January 1, 1919, and that it is obligated to return and in fact did return as income for 1920 the $4,000 received by it in 1920; that the operation of the leased premises from the date of the receipt of the notice from the lessor to vacate was entirely without profit and that therefore the entire loss from the cancellation all fell within the year 1919.

In our opinion there is no merit in the contention of the petitioner that it received $4,000 income in 1920 as a result of the rebate received. The respondent correctly offset the unamortized cost of the lease on January 1, 1919, namely, $6,385.16, by the amount of $4,000, which, as a result of the notice given to the petitioner in November, 1919, was to be paid in 1920, when the premises were vacated. The unamortized cost of the lease from January 1, 1919, to the expiration of the 90-day period, assumed to be January 31, 1920, in the absence of evidence as to the exact date, was $2,385.16. The taxing statute permits the deduction of a reasonable amount for exhaustion of property, and we think that the $2,385.16 should be spread ratably over the 13-month period, January 1, 1919, to January 31, 1920, and that the exhaustion allocable to the year 1919 was twelve-thirteenths thereof, or $2,201.68.

*Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by LITTLETON and LOVE.